12 CIV 8064

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Christopher Mark Theodore, as founder and
Publisher of Reader Magazine,

                Plaintiff,

vs.

Columbia Journalism Review, and Erika Fry,
Individually, and as Associate Editor of
Columbia Journalism Review,

                Defendants.

------------------------------------------------------------x

**COMPLAINT**

**Demand for Jury Trial**



RECEIVED NOV 05 2012 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, Christopher Mark Theodore, by and through his counsel, for his complaint states as follows:

### Nature of the Action

Plaintiff alleges defendants libeled him through the publication of an article on October 28, 2011 in the Columbia Journalism Review (CJR) written by defendant Erika Fry.

### Jurisdiction and Venue

1. Jurisdiction of this Court is proper pursuant to 28 USC §1332. Jurisdiction is based on diversity of citizenship as plaintiff is domiciled in California, and defendants are domiciled in New York. The damages exceed the jurisdictional amount based on the claim of libel *per se*.

2. Venue is proper in the Southern District of New York as defendant CJR is located in the Southern District of New York and defendant Fry works at the CJR.

3. This complaint was going to be filed on Monday October 29, 2012, but due to the closure of the Court as a result of Hurricane Sandy it is being filed on November 5, 2012.

## Parties

4. Plaintiff, Christopher Mark Theodore, is a resident of Redlands, California. He is the founder and publisher of Reader Magazine of Redlands, California.

5. Defendant, Columbia Journalism Review (CJR), is located at 2950 Broadway, New York, New York. The CJR was founded in 1961 under the auspices of the Columbia University's Graduate School of Journalism. It is published six times a year.

6. Defendant, Erika Fry, on information and belief, is a resident of New York City, and an Associate Editor of defendant Columbia Journalism Review and began this position in August of 2011.

## Factual Allegations

7. The Reader Magazine is a quarterly magazine which plaintiff publishes in Southern California. The Reader Magazine reaches nearly 120,000 households free of cost. It is financially supported by low cost advertising space sold to local small and mid-size businesses in the area.

8. The Reader has been in business since 2001. The Reader's business model is to sustain small and mid-size businesses in Southern California through this advertisement. Plaintiff supplements these advertisements with several pages of popular and primarily progressive articles, opinion pieces and other content.

9. On October 28, 2011 defendant Fry published a story in the CJR entitled "Plagiarism for Profit" about the Reader Magazine.

10. The article further states as fact that the Reader's business model is plagiarism.

11. The title of this article, as well as the statement that the Reader's business model is plagiarism, implies that the entirety of the content of the magazine is plagiarized.

12. This is false and defamatory.

13. At the time this article was written Fry, by making the title of the article "Plagiarism for Profit" and making the claim that the Reader's business model was plagiarism, acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties,

14. Mr. Theodore is not a public official as he does not command sufficient continuing public interest to expose, through discussion, the falsehoods and fallacies of the defamatory statement.

15. Falsely claiming plaintiff engaged in plagiarism for profit and was its business model is not a matter of public concern.

16. Even if plaintiff were a public official and/or even if claiming to be exposing plagiarism were a matter of public concern, defendant Fry acted in a knowing and reckless manner falsely accusing the Reader Magazine to be based on plagiarism by entitling the article as "Plagiarism for Profit" and stating as fact that plaintiff's business model is plagiarism.

17. The article was published on the internet.

18. An internet search of plaintiff and the Reader Magazine results in the article and its title being one of the first items which appears.

19. Thus, any time anyone seeks information regarding plaintiff and the Reader Magazine the first item an internet search reveals is the CJR article entitled "Plagiarism for Profit".

20. In late September 2012, undersigned counsel contacted defendants requesting that the article be removed from the internet and retracted.

21. Defendants through counsel refused this request.

22. Plaintiff has been seeking investors in the Reader Magazine, but since this article was published he has not secured any investors.

23. Plaintiff has suffered ongoing emotional distress knowing that this false and misleading article appears on the internet undermining his reputation in the field of publishing.

### Count I.

24. Plaintiff reiterates and re-alleges the factual allegations contained above and incorporates them herein by reference.

25. Based on the foregoing, defendants by their actions have libeled plaintiff and the magazine he publishes and the nature of the libel is libel per se as he falsely is accused of the type of wrongdoing which tends to injure his reputation in his occupation and business.

### Relief Sought

**WHEREFORE**, plaintiff seeks:

a. A declaration that defendants have libeled him in the manner set forth in this complaint;

b. A declaration that defendants retract and remove from the internet the offending article;

c. All damages and any other relief, including attorney fees to which plaintiff may be entitled based on the actions of defendants.

Dated: New York, New York
November 5, 2012

Respectfully submitted,

_____
EISNER & MIRER, P.C.
By: Jeanne E. Mirer
113 University Place, 8th Flr.
New York, NY 10003
(212) 473-8700
Attorneys for Plaintiff

## Jury Trial

Plaintiff demands a jury trial for this cause of action and claims for which he has a right to a jury trial.

EISNER & MIRER, P.C.
By: Jeanne E. Mirer
113 University Place, 8th Flr.
New York, NY 10003
(212) 473-8700
Attorneys for Plaintiff